UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH DE LA ROSA, individually and on behalf of all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado corporation, and DOES 1–25, inclusive,<br><br>Defendants. | No. 1:23-cv-01321-KES-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>Doc. 20 |

Plaintiff Isaiah De La Rosa proceeds on his first amended complaint ("FAC"), on behalf of himself and others, against defendant Leprino Foods Company ("Leprino") alleging various state labor law violations. Doc. 19. Leprino moves to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 20. For the reasons set forth below, Leprino's motion to dismiss is granted and the FAC is dismissed with leave to amend.

**I.  BACKGROUND**

On March 23, 2023, De La Rosa initiated this action in the Kings County Superior Court asserting the following claims: (1) retaliation in violation of paid sick leave law; (2) wrongful termination in violation of public policy; (3) failure to provide accurate itemized wage statements; and (4) violations of the Private Attorneys General Act of 2004 ("PAGA"). Doc. 1-2. Leprino

removed this case to this Court on September 6, 2023. Doc. 1. On January 4, 2024, De La Rosa filed the FAC, alleging the same causes of action with additional factual allegations.[1] Doc. 19.

De La Rosa alleges that he began his employment with Leprino on February 14, 2022, as a non-exempt general laborer. *Id.* ¶ 12. He alleges that on or around April 20, 2022, prior to reporting for work, he experienced "stroke-like symptoms, including facial paralysis" and admitted himself to the nearest emergency room. *Id.* ¶ 13. He informed Leprino while in the emergency room that he would be unable to report to work that day for these reasons. *Id.* Later in the day, he informed Leprino's human resources department that his treating physician recommended De La Rosa take an additional one-day leave of absence from work to recover. *Id.* ¶ 14. He later emailed the physician's work status report confirming the same to the human resources department. *Id.*

De La Rosa further asserts that he, "believing he was entitled to paid sick leave, requested and was provided paid sick leave by [Leprino] during his employment." *Id.* ¶ 29; *see also* Doc. 25 at 5, 12 (explaining the Court should understand this allegation to signify that Leprino permitted him to take "paid sick leave on multiple occasions" prior the incident on April 20, 2022, even though he had worked for Leprino for fewer than 90 days at that time). He "thereby" attempted to take sick leave after the described medical experience "[i]n attempt to take care of himself after his stroke." *Id.* ¶ 29. However, he alleges that Leprino punished him for the two absences, giving him "points" for the absences pursuant to their attendance policy, which resulted in his termination soon thereafter.[2] *Id.* ¶¶ 15–17, 29.

De La Rosa also alleges that California's 2022 COVID-19 Supplemental Paid Sick Leave ("COVID-19 SPSL") was in effect at all times during his employment with Leprino, but Leprino

---

[1] Although De La Rosa's complaint states briefly that Leprino "failed to engage in any sort of interactive process or pursue alternative reasonable accommodations whatsoever," it does not bring claims for failure to engage in the interactive process or failure to accommodate. *See* Doc. 19 ¶ 15.

[2] De La Rosa's complaint asserts that the "termination of [De La Rosa's] employment fell on the heels of [De La Rosa] taking protected sick leave just days prior to [sic] suffering from stroke-like symptoms." *Id.* ¶ 17.

2

1  failed to provide accurate notice to De La Rosa and all other covered employees, on their wage
2  statements or otherwise, of how many COVID-19 SPSL hours each had used and also failed to
3  generally post notices in the workplace regarding COVID-19 SPSL.[3]  *Id.* ¶¶ 18–19.

4        On January 18, 2024, Leprino moved to dismiss all claims in the FAC.  *See* Doc. 20.
5  Though he also advances other arguments, Leprino generally contends that De La Rosa was not
6  entitled to use sick leave under section 246 of the California Labor Code, given that De La Rosa
7  had only worked for Leprino for about two months when he attempted to use sick leave and
8  section 246 only entitles employees to use accrued sick leave after they have worked for the
9  employer for 90 days or more.  *See generally id.*  As De La Rosa's claims in the FAC are all
10 largely based on his contention that he was entitled to use paid sick leave pursuant to section 246,
11 and was wrongly terminated for attempting to do so, Leprino argues that the FAC should be
12 dismissed in its entirety without leave to amend.  *See generally id.*  On February 2, 2024, De La
13 Rosa opposed the motion, Doc. 25, and Leprino replied on February 12, 2024, Doc. 26.  On
14 March 14, 2024, this case was reassigned from the No District Judge Docket to the undersigned.[4]

15 **III.   LEGAL STANDARD**

16       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
17 sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
18 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
19 sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901
20 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
21 relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A
22 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
23 the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

---

[3] De La Rosa does not allege that he had COVID-19 or otherwise allege any facts indicating that he would be eligible for leave under the COVID-19 SPSL provisions.  *See generally* Doc. 19.

[4] Due to the ongoing judicial resource emergency in this district, more than 190 pending dispositive motions, including this one, were reassigned to the undersigned upon appointment. Despite the Court's diligent efforts, the Court recognizes that this case and other civil cases have unfortunately experienced unavoidable delays.

*Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain facts that "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a claim on which relief may be granted, the Court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the Court need not assume the truth of legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 680.  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**IV.    ANALYSIS**

Leprino moves to dismiss De La Rosa's claim for retaliation in violation of paid sick leave law in violation of section 246.5 of the California Labor Code on three alternate grounds:  (1) that there is no private right of action under section 246.5 given section 248.5's provision that "[t]he Labor Commissioner shall enforce this article" and that only "[t]he Labor Commissioner or the Attorney General may bring a civil action . . . against the employer . . . violating this article," (2) that De La Rosa did not allege that he engaged in an activity protected under section 246.5, and (3) that De La Rosa did not allege sufficient facts that he was entitled to use paid sick leave under section 246, given that he had been employed by Leprino for fewer than ninety days when he attempted to take two days of sick leave.  Doc. 20 at 7–10.  In his opposition, De La Rosa agrees that there is not a private right of action under section 246.5 and agrees that this claim should be dismissed.  Doc. 25 at 7–8.  De La Rosa's first cause of action for retaliation in

4

1  violation of section 246.5 of the California Labor Code is therefore dismissed.[5]

2  However, De La Rosa contends that he has standing to pursue this claim through the
3  Labor Commissioner or Attorney General under PAGA and thus argues he will continue to seek
4  relief for the alleged violation of section 246.5 pursuant to his fourth cause of action under
5  PAGA. Doc. 25 at 7–8. He also predicates his wrongful termination in violation of public policy
6  claim and wage statements violation claim on the alleged violation of section 246.5. *Id.* at 10.
7  Therefore, De La Rosa contests Leprino's two other arguments regarding De La Rosa's
8  section 246.5 claim: that is, he argues that he has alleged protected activity under section 246.5
9  and that he has alleged facts that show he was entitled to paid sick leave under section 246.

10  Section 246 provides that an employee must work for an employer for 30 or more days
11  within a year of the commencement of his employment to be entitled to sick days. § 246(a)(1).
12  The employee "shall accrue paid sick days at the rate of not less than one hour per every 30 hours
13  worked, beginning at the commencement of employment . . . subject to the use and accrual
14  limitations set forth in this section." *Id.* § 246(b)(1). "An employee shall be entitled to use
15  accrued paid sick days beginning on the 90th day of employment, after which day the employee
16  may use paid sick days as they are accrued." *Id.* § 246(c). Section 246.5 provides that "[a]n
17  employer shall not . . . discharge . . . an employee for using accrued sick days [or] attempting to
18  exercise the right to use accrued sick days." § 246.5(c)(1).

19  De La Rosa was employed by Leprino for approximately two months. Though, under
20  section 246(b)(1), De La Rosa began to accrue paid sick days during that time, pursuant to
21  section 246(c)(1), he was not yet entitled *to use* any such accrued paid sick leave because he had
22  not yet worked for Leprino for 90 days or more. *See* § 246(b)(1), (c)(1).

---

[5] De La Rosa's first cause of action is entitled "Retaliation in Violation of Paid Sick Leave Law in Violation of Labor Code § 246," rather than section 246.5. *See* Doc. 19 at 6. As detailed further below, section 246 sets out who is entitled to accrue and use sick leave and how sick leave time accrues, Cal. Lab. Code § 246, whereas section 246.5 mandates that an employer cannot deny the proper use of accrued sick days, § 246.5. While both sections are obviously relevant to assessing whether a retaliation violation occurred, the actual claim for retaliation falls squarely under the terms of section 246.5. De La Rosa acknowledges this in his opposition. *See* Doc. 25 at 7–8.

5

1  De La Rosa argues that he has adequately pled entitlement to paid sick leave because he
2 alleges that he was permitted by Leprino to use the sick time he had accrued on multiple
3 occasions prior to April 20, 2022. Doc. 25 at 5, 12, 14. Though less clear, De La Rosa may also
4 argue, through the same FAC allegations, that he has adequately pled entitlement to paid sick
5 leave because Leprino told him that he could take sick leave on April 20, 2022, and
6 April 21, 2022. *Id.* at 9–10, 14. The relevant allegations in De La Rosa's FAC are ambiguous
7 and both readings seem at least plausible. *See* Doc. ¶ 29 ("Plaintiff, believing he was entitled to
8 paid sick leave, requested and was provided paid sick leave by Defendants during his
9 employment. In attempt to take care of himself after his stroke, Plaintiff thereby took protected
10 paid sick leave and was retaliated against as a result of taking such paid sick leave.").

11  In any event, either interpretation falls short of helping De La Rosa to state a claim. First,
12 neither interpretation would make De La Rosa eligible to use accrued sick leave under the express
13 terms of section 246, which only permits the use of such time after being employed for ninety
14 days. *See also Colopy v. Uber Technologies Inc.*, Case No. 19-cv-06462-EMC, 2020
15 WL 3544982, at *3 (N.D. Cal. June 30, 2020) (finding plaintiff had not adequately pled a
16 violation of section 246, where plaintiff attempted to use alleged violation of section 246 as
17 predicate for other claims, given that complaint did not indicate that plaintiff met qualifications to
18 use sick leave under section 246, including having worked for employer for 90 days).

19  However, it appears that De La Rosa may be attempting to put forth an equitable estoppel
20 argument. That is, De La Rosa's opposition does not argue that he was entitled to use his accrued
21 sick time directly pursuant to section 246; instead, it implies that he was entitled to take the sick
22 leave because Leprino had represented to him that he could use the sick time even before
23 reaching his 90 days of employment with Leprino.[6]

24  "The doctrine of equitable estoppel provides that a person may not deny the existence of a

---

[6] Despite this implication in his opposition, and Leprino's acknowledgment of it in its reply, neither party mentions equitable estoppel, its elements, or its applicability in the briefs. *See* Doc. 25; *see also* Doc. 26 at 3 (acknowledging in reply that De La Rosa concedes section 246 does not apply to De La Rosa on its face).

6

state of facts if he intentionally led another to believe a particular circumstance to be true and to rely upon such belief to his detriment." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1123 (9th Cir. 2008) (internal quotations omitted). "In order to apply the doctrine, (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." *See, e.g.*, *id.* (internal quotations omitted).

First, it is unclear whether an equitable estoppel theory could be applied to this claim.[7] However, even assuming for the sake of argument that it could, and setting aside potential issues arising from the FAC's failure to expressly plead or argue the doctrine of equitable estoppel and the FAC's unclear allegations regarding an alleged misrepresentation by Leprino, a claim premised on a theory of equitable estoppel fails because De La Rosa has not adequately pled detrimental reliance.

Detrimental reliance requires a party to have relied on the other's allegedly misleading proposition "in such a manner as to change his position for the worse." *Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 59 (1984). A critical inquiry is whether the employee would have taken leave in the absence of the alleged misrepresentation concerning the employee's entitlement to take leave. *Cf. Mott v. Office Depot, Inc.*, Civil No. 07-6370-HO, 2009 WL 1662906, at *9 (D.

---

[7] Given that the parties did not brief the issue, neither party has identified controlling precedent regarding whether an employer can be estopped from relying on the argument that a terminated employee was ineligible to take sick leave pursuant to section 246, where the employer represented to the employee that they were eligible to take such leave. Courts in this circuit have come out different ways on the question of estoppel as to other statutes providing for employee leave. *See, e.g.*, *Jadwin v. County of Kern*, 610 F. Supp. 2d 1129, 1165 n.13 (E.D. Cal. Apr. 8, 2009) (collecting cases holding that estoppel can bar an employer from challenging employee's eligibility for FMLA leave); *Pratt v. Delta Air Lines, Inc.*, 2015 WL 2153397, at *13 (C.D. Cal. May 4, 2015) (finding no estoppel because, regardless of any misrepresentation made by employer, it was undisputed that employee did not meet the terms for eligibility for leave set forth by the California Family Rights Act ("CFRA")); *see also Mott v. Office Depot, Inc.*, 390 Fed. App'x 658, 661 (9th Cir. 2010) (Ninth Circuit noted it "need not decide whether [the defendant] is estopped from asserting [the plaintiff]'s ineligibility for FMLA . . . leave due to its representation that [the plaintiff] was eligible for such leave, because [the plaintiff] did not detrimentally rely on any such representation").

1  Ore. June 12, 2009) (finding no detrimental reliance, in part, because employee stated that, even
2  if she knew she was not entitled to medical leave under federal Family Medical Leave Act
3  ("FMLA"), she would have taken the time off), *affirmed by* 390 Fed. App'x 658 (9th Cir. 2010)
4  (affirming no detrimental reliance).

5  Here, De La Rosa has not pled that, in taking the two days off, he detrimentally relied on
6  any representation by Leprino that he was entitled to use sick leave at that time. He also has not
7  alleged that he would not have taken the two days off if he had known he was not entitled to take
8  sick leave under section 246. Rather, he alleged that he went straight to the hospital when he
9  began having stroke-like symptoms on April 20, 2022, and thereafter informed Leprino he would
10 not be attending work that day. De La Rosa further alleges that, the following day, he let
11 Leprino's human resources department know that he was requesting an additional day of sick
12 leave pursuant to his doctor's recommendation. However understandable and appropriate his
13 choices were under the alleged circumstances, De La Rosa does not allege that, in making his
14 decision not to go into work on those days, he relied on any representation by Leprino that he was
15 entitled to take paid time off. Thus, De La Rosa has failed to adequately allege equitable
16 estoppel, even assuming it could be applied in these circumstances.

17 As De La Rosa predicates the remainder of his claims in the FAC—that is, his wrongful
18 termination in violation of public policy claim, his failure to provide accurate itemized wage
19 statements claim, and most of his various claims pursuant to PAGA—on a violation of section
20 246.5 based on Leprino's alleged retaliation against him for exercising the right to take paid sick
21 leave (*see generally* Docs. 19, 25), those claims must also be dismissed for failure to state a
22 claim.[8]

---

[8] To the extent De La Rosa asserts that his PAGA claim is also based on other alleged violations of the California Labor Code, including violation of the COVID-19 SPSL laws or failure to post certain notices in the workplace, he has not pled sufficient facts to support any violation or any injury due to such a violation. *See generally* Doc. 19; *see also* Doc. 19 ¶ 53. Additionally, given the Court's ruling, it need not address Leprino's contention that De La Rosa failed to adequately plead that he exhausted his administrative remedies prior to bringing a PAGA claim. Doc. 20 at 13–14. If De La Rosa files a second amended complaint, he must comply with all pleading requirements under PAGA and Federal Rule of Civil Procedure 8.

1    When a court dismisses a complaint for failure to state a claim, it should "freely give
2 leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "underlying purpose of
3 Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities."
4 *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). However, a court
5 has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the
6 part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue
7 prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of
8 amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).
9    Though, given the currently alleged facts, it is unclear whether De La Rosa could amend
10 the FAC to adequately state a claim, in light of the Ninth Circuit's policy of "extreme liberality in
11 favoring amendments to pleadings," *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th
12 Cir. 1960), the Court will grant plaintiff leave to amend. To the extent De La Rosa has a good
13 faith basis, consistent with Federal Rule of Civil Procedure 11, to replead a claim alleged in the
14 FAC based on an equitable estoppel argument, he may file a second amended complaint.

15 **V.    CONCLUSION AND ORDER**

16    Based upon the foregoing, defendants' motion to dismiss, Doc. 20, is granted, and the
17 FAC, Doc. 19, is dismissed with leave to amend. Within fourteen (14) days from the date of this
18 Order, De La Rosa may file a second amended complaint if he has a good faith basis for doing so.
19 If a second amended complaint is filed by De La Rosa, Leprino shall file a responsive pleading
20 thereto within fourteen (14) days of its filing.

22 IT IS SO ORDERED.

23    Dated:    September 5, 2025

UNITED STATES DISTRICT JUDGE

9